## Claster, to use, v. Krauss Brothers

*Scott S. Leiby,* for plaintiff; *Metzger & Wickersham,* for defendant.

WICKERSHAM, J., December 14, 1931.—It appears from the petition and amended petition of the defendants that on July 26, 1929, Krauss Brothers gave their judgment exemption note to Joseph Claster for $2500, payable four months after date, with interest, which note was assigned by the said Joseph Claster to the Keystone Trust Company, use-plaintiff in the above-stated proceeding, and upon which note judgment was entered to the number and term above stated. Krauss Brothers, however, at the time, owned no real estate upon which the said judgment became a lien; they were at that time and are at the present time owners of certain leasehold property located in the Borough of Middletown, Dauphin County, upon which, under the law, the judgment above stated is not a lien.

Subsequently, on March 25, 1930, an involuntary petition in bankruptcy was filed against the defendants, Krauss Brothers, which petition was filed in the United States District Court for the Middle District of Pennsylvania to No. 6707; and on the following day, March 26, 1930, the defendants filed a petition for a composition on a twenty per cent. basis. Proceedings were duly had

on said petition for a composition settlement, and the offer of twenty per cent. was accepted by a majority in number and amount of the petitioners' creditors, and the composition settlement was duly approved by John T. Olmsted, Referee in Bankruptcy for Dauphin County, and subsequently confirmed by the United States District Court for the Middle District of Pennsylvania, and thereupon, on May 17, 1930, a check was forwarded by the referee in Dauphin County to the Keystone Trust Company for $455.72, that being the amount to which the Keystone Trust Company was entitled under the order of composition settlement, and the check was accepted and cashed by the said Keystone Trust Company on May 22, 1930.

The petitioners aver that nothing further is legally due and payable on the aforesaid judgment, and prayed for a rule on the plaintiffs to show cause, if any they or either of them have, why the said judgment should not be satisfied.

This rule was amended by a supplemental petition, as follows: The court granted a rule on Joseph Claster, legal plaintiff, and Keystone Trust Company, use-plaintiff, to show cause, if any they or either of them have, why the rule heretofore granted to satisfy the said judgment should not be considered as a rule to open the said judgment, or a rule to mark it discharged in consequence of the discharge of Krauss Brothers in bankruptcy. To this amended rule the Keystone Trust Company filed an answer. Joseph Claster has not filed an answer.

The Keystone Trust Company, in its answer, admits most of the allegations in defendants' petition. In the ninth paragraph of said answer it is alleged that because of the composition approved by the bankruptcy court it was compelled to accept $455.72 on account or in settlement of said judgment. In the tenth paragraph it is alleged "that the use-plaintiff is advised and believes that the proceedings in bankruptcy have as a matter of fact satisfied said judgment, or so far as the plaintiffs therein are concerned has made further recovery thereunder impossible." We are of opinion that this statement is correct.

In 1 Collier on Bankruptcy (13th edition), page 460, Sec. 12, it is stated:

"The order of confirmation becomes in effect a discharge and may be pleaded in bar with like effect, and can only be set aside within the time limited by section thirteen. It either extinguishes the legal liability on provable claims or is a bar to the remedy, and in either event the bankrupt can no longer be compelled to pay."

On page 572 of the same volume it is stated:

"Subdivision (c) of this section [section fourteen] provides that the confirmation of a composition 'shall discharge the bankrupt from his debts, other than those agreed to be paid by the terms of the composition and those not affected by a discharge.'"

In Nalbach v. Nalbach, 20 Luz. L. R. 466, it was held by Strauss, J., of the Court of Common Pleas of Luzerne County (quoting from syllabus):

"Where judgment is automatically discharged by defendant's discharge in bankruptcy, said judgment will not be marked satisfied. It still remains a moral obligation which would be sufficient consideration for a new promise to pay."

In that case Judge Strauss held that a rule to show cause why judgment should not be satisfied should be modified to a rule to show cause why the judgment should not be discharged in consequence of discharge in bankruptcy, and as thus modified the rule was made absolute.

We adopt the reasoning of Judge Strauss in this case. The rule to show cause why the judgment should not be discharged in consequence of the discharge of Krauss Brothers in bankruptcy is, therefore, made absolute.

From Homer L. Kreider, Harrisburg, Pa.